**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRYAN ROBERT STRICKLAND,** | ) | **CASE NO. 1:16 CV 775** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **INTERNAL REVENUE SERVICE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Bryan Robert Strickland filed this action against the Internal Revenue Service ("IRS"). In the Complaint, Plaintiff indicates he attempted to pay his federal income taxes with a private promissory note, a private money order and a UCC financing statement; however, the IRS did not accept these documents as payments. He seeks monetary damages in the amount of his promissory note.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 4). That Application is granted.

## I. BACKGROUND

Plaintiff owes back taxes to the IRS. He claims he filed a UCC financing statement to perfect a security interest in himself, and then attempted to pay his tax liability with a "private

promissory note" for $ 62,118.48.00. The IRS did not recognize his promissory note as a form of payment and added a fine of $5,000.00 to his tax liability. He attempted to pay the fine with a "private money order." The IRS refused to accept the private money order as payment and sent a Notice of Levy. Plaintiff sent a packet to the IRS, along with a copy of his UCC financing statement, instructing them in how to apply the private promissory note and private money order. He demanded a forensic accounting of his tax liability and a "wet signature under notary seal." (ECF No. 1 at 2). He did not get the accounting and the IRS still refused to accept his private promissory note and his private money order as payment. Instead, Plaintiff received notice from the Social Security Administration that his monthly check had been levied to cover his tax liability. Plaintiff notified the IRS of his understanding that only federal employees and persons living within ten square miles of the District of Columbia could be taxed. He contends he is seeking a refund in the amount of $62,118.48 for the promissory note.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when

the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Sovereign Immunity**

Sovereign immunity bars this suit. The United States may not be sued without its consent and the terms of that consent must be "unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity must be strictly construed and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Plaintiff therefore must point to some statute waiving sovereign immunity for the type of suit he is attempting to assert against the IRS. Plaintiff has not cited any such statute, nor has he referred the Court to any legal cause of action he is attempting to maintain against the United

States for which sovereign immunity is waived. The Court is unaware of any statute that waives sovereign immunity under the circumstances Plaintiff describes in the Complaint.

Neither *Bivens* nor the Federal Tort Claims Act provide a cause of action. *Bivens* does not support an action against the United States government or any of its agencies. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *see Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). The Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 is a limited waiver of the United States' sovereign immunity for injuries caused by negligent or wrongful acts or omissions of any employee of the United States Government acting within the scope of his or her employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976). The FTCA, however, specifically exempts from its waiver of sovereign immunity a claim for relief arising from the assessment and collection of taxes. 28 U.S.C. § 2680(c). Therefore, neither *Bivens* nor the FTCA can serve as Plaintiff's basis for subject matter jurisdiction.

Moreover, the Internal Revenue Code does not contain a cause of action for which Plaintiff has demonstrated a waiver of sovereign immunity. Taxpayers may bring a refund action if they believe that the IRS has incorrectly assessed a tax liability against them. 26 U.S.C. § 7422. The statute, however, expressly limits this remedy to cases in which "a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a). Congress defined the exact terms and conditions upon which the United States may be sued under § 7422 to require exhaustion and the terms of that consent defines the parameters of this Court's jurisdiction to entertain a suit against the IRS. *United States v. Orleans*, 425 U.S. at 814. Plaintiff cannot seek a refund under this statute unless he has

complied with the exhaustion requirement. He has not demonstrated that he exhausted his administrative remedies before filing this action.

Even if Plaintiff had brought suit under a statute for which the United States waived sovereign immunity, the case would still lack an arguable basis in law. Private promissory notes, private money orders and UCC financing statements are not legal tender that can be presented for payment of income taxes. *See Goff v. Comm'r of Internal Revenue*, 135 T.C. 231, 236 (2010)(private promissory note is not legal tender which can be accepted for payment in federal income taxes). Plaintiff cannot claim he is entitled to a refund of actual legal tender when he attempted payment with self-created documents.

Finally, this Court cannot enjoin the continued collection of his back taxes. The Tax Anti-Injunction Act, 26 U.S.C. § 7421, provides that, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Any claim to enjoin collection proceedings must be dismissed.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 4) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-

IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    UNITED STATES DISTRICT JUDGE

DATED: May 4, 2016